THE STATE, EX REL. ASHCRAFT, *v.* INDUSTRIAL COMMISSION OF OHIO ET AL.

[Cite as State, ex rel. Ashcraft, *v.* Indus. Comm. (1987), 34 Ohio St. 3d 42.]

(No. 86-602—Decided December 16, 1987.)

Jeffries & Monteleone Co., L.P.A., and J. Michael Monteleone, for relator.

Anthony J. Celebrezze, Jr., attorney general, and Gerald H. Waterman, for respondent Industrial Commission.

Vorys, Sater, Seymour & Pease, Robert A. Minor and Janice A. Judge, for respondent Marion Power Shovel Division of Dresser Industries, Inc.

*Per Curiam.* At the outset, this court takes notice of the fact that effective August 22, 1986, the legislature amended R.C. 4123.54 to prohibit a claimant's receipt of workers' compensation or benefits while confined in a penal institution in this or any state for conviction of violation of the criminal law of this or any other state. Hence, the resolution of this matter will only concern workers' compensation applications filed before August 22, 1986.

The Industrial Commission based its February 5, 1986 order on the decision of the Tenth District Court of Appeals in *State, ex rel. Jones & Laughlin Steel Corp.,* v. *Indus. Comm.* (1985), 29 Ohio App. 3d 145, 29 OBR 162, 504 N.E. 2d 451. The issue before the court in that case was whether a claimant's voluntary retirement from the workplace precluded an award of temporary total disability benefits, even though the claimant may otherwise be eligible therefor. In resolving this question, the appellate court looked to this court's decision in *State, ex rel. Ramirez,* v. *Indus. Comm.* (1982), 69 Ohio St. 2d 630, 23 O.O. 3d 518, 433 N.E. 2d 586, which defined a temporary total disability as a disability which prevents a worker from returning to his former position of employment. The appellate court interpreted this definition as not only requiring that the injury render the claimant unable to perform the functions of the former position, but that the injury also prevented him from returning to that position. The court reasoned:

"A worker is prevented by an industrial injury from returning to his former position of employment where, but for the industrial injury, he would return to such former position of em-

ployment. However, where the employee has taken action that would preclude his returning to his former position of employment, even if he were able to do so, he is not entitled to continue temporary total disability benefits since it is his own action, rather than the industrial injury, which prevents his returning to such former position of employment." *Jones & Laughlin, supra,* at the syllabus.

Relator challenges the commission's reliance on this decision on the grounds that, unlike the claimant in *Jones & Laughlin,* relator has not indicated that he has no intention of ever returning to the job market. Moreover, it is contended that in *Jones & Laughlin,* there was a disagreement between the doctors as to whether the claimant was temporarily and totally disabled. In the case at bar, relator alleges that the doctors are unanimous in their view that relator remains unable to perform the duties of his former position of employment.

A review of the *Jones & Laughlin* decision demonstrates that neither of these allegedly distinguishing factors was essential to the court's reasoning. The crux of this decision was the court's recognition of the two-part test to determine whether an injury qualified for temporary total disability compensation. The first part of this test focuses upon the disabling aspects of the injury, whereas the latter part determines if there are any factors, other than the injury, which would prevent the claimant from returning to his former position. The secondary consideration is a reflection of the underlying purpose of temporary total compensation: to compensate an injured employee for the loss of earnings which he incurs while the injury heals. *State, ex rel. Ramirez, supra; State, ex rel. Bunch,* v. *Indus. Comm.* (1980), 62 Ohio St. 2d 423, 427, 16 O.O. 3d 449,

451, 406 N.E. 2d 815, 818; *State, ex rel. Rubin,* v. *Indus. Comm.* (1938), 134 Ohio St. 12, 16, 11 O.O. 382, 383, 15 N.E. 2d 541, 542. When a claimant has voluntarily removed himself from the work force, he no longer incurs a loss of earnings because he is no longer in a position to return to work. This logic would apply whether the claimant's abandonment of his position is temporary or permanent.

This brings the court to the final consideration on the merits: whether the Industrial Commission was justified in viewing relator's incarceration as a voluntary abandonment of his former position of employment. Relator contends that this court implicitly rejected this proposition during its previous review of this case.

Relator's reliance on this court's initial review of this case is misplaced. This court limited its initial review of this cause to the question of whether the commission had the authority to promulgate a resolution which precluded a claimant's receipt of temporary benefits while incarcerated. We ultimately concluded that by adopting and enforcing this resolution, the commission exceeded its statutory powers. However, this court made no comment as to the propriety of the commission's position when based upon grounds other than the invalidated resolution.

While a prisoner's incarceration would not normally be considered a "voluntary" act, one may be presumed to tacitly accept the consequences of his voluntary acts. When a person chooses to violate the law, he, by his own action, subjects himself to the punishment which the state has prescribed for that act.

Based on the foregoing, we find that relator's incarceration constitutes a factor which, independently of his previously recognized work-related in-

jury, would preclude his receipt of temporary total disability compensation.

Accordingly, the writ of mandamus is denied.

*Writ denied.*

MOYER, C.J., SWEENEY, LOCHER, HOLMES, DOUGLAS and WRIGHT, JJ., concur.

H. BROWN, J., not participating.