The STATE, ex rel. GRENNAN,

v.

BARRY, Admr., Bureau of Workers' Compensation, et al.█

[Cite as *State, ex rel. Grennan, v. Barry* (1991), 71 Ohio App.3d 385.]

Court of Appeals of Ohio,
Franklin County.

No. 90AP–408.

Decided March 19, 1991.

*Ronald J. Koltak,* for relator.

*Lee I. Fisher,* Attorney General, *Michael L. Squillace* and *Yolanda L. Barnes,* for respondent Industrial Commission of Ohio.

FRED E. JONES, Judge.

This original action in mandamus, pursuant to Civ.R. 53 and Section 13, Loc.R. 11 of the Tenth District Court of Appeals, was referred to a referee

who has rendered a report recommending that the requested writ of mandamus be denied. The mandamus action seeks an order requiring respondent Industrial Commission of Ohio to vacate its order to the extent that it denies temporary total disability compensation from February 10, 1987 to May 12, 1988, based upon relator's incarceration, and to enter an order awarding said compensation during the period of incarceration. The matter is now before us upon the objections to the report of the referee filed by relator, which objections contend that the decision of the Industrial Commission was an abuse of discretion.

After a review of the referee's report and the evidence, we conclude that relator's objections are not well taken and approve the report of the referee.

Relator, Edward B. Grennan, was injured on May 19, 1982 in the course of and arising out of his employment with Radio Shack, Inc. The claim was initially allowed for "lumbosacral strain," and assigned claim No. 82–17384.

Pursuant to a September 26, 1988 hearing, a district hearing officer of the commission issued an order stating in part:

"After full consideration of the issue, it is the order of the Hearing Officer that temporary total is to be paid from 10–24–86 through 2–9–87. *Compensation from 2–10–87 to 5–12–88 is denied as the claimant was incarcerated.*

" * * * Temporary total compensation from 5–13–88 to 9–22–88 is granted and has been paid." (Emphasis added.)

Relator had been incarcerated pursuant to a finding of guilty to endangering children, a third-degree felony, contrary to R.C. 2919.22.

Relator appealed the September 26, 1988 order of the district hearing officer to the Columbus Regional Board of Review. On March 9, 1989, the regional board heard relator's appeal and issued an order affirming the September 26, 1988 order of the district hearing officer.

Relator appealed the March 9, 1989 order of the Columbus Regional Board of Review to the Industrial Commission of Ohio, and the appeal was denied.

On April 6, 1990, relator filed this mandamus action. The parties have stipulated to relevant photocopied portions of the commission's claim file as the evidence to be considered by the court in this action.

The referee has recommended denial of the writ of mandamus on the basis of *State ex rel. Ashcraft v. Indus. Comm.* (1987), 34 Ohio St.3d 42, 517 N.E.2d 533, wherein the court stated:

"While a prisoner's incarceration would not normally be considered a 'voluntary' act, one may be presumed to tacitly accept the consequences of his voluntary acts. When a person chooses to violate the law, he, by his own

action, subjects himself to the punishment which the state has prescribed for that act.

"Based on the foregoing, we find that relator's incarceration constitutes a factor which, independently of his previously recognized work-related injury, would preclude his receipt of temporary total disability compensation." *Id.* at 44–45, 517 N.E.2d at 535.

Relator contends that *Ashcraft, supra,* does not control, because relator's incarceration was the result of a *finding* of guilt, rather than a guilty *plea.* Since relator maintained his innocence at all times, even though being found guilty, he contends that his incarceration was not his "voluntary" act. Such objection has no merit. *Ashcraft, supra,* does not distinguish between a plea of guilty and a finding of guilt. Quite clearly, the incarceration itself was not the voluntary act of relator herein, but his commission of a criminal act was nevertheless voluntary within the meaning of *Ashcraft.*

Relator also contends that the commission's order does not comply with *State ex rel. Mitchell v. Robbins & Myers, Inc.* (1983), 6 Ohio St.3d 481, 6 OBR 531, 453 N.E.2d 721, in that *Mitchell* requires the commission to further state that the incarceration constituted a voluntary removal by relator from the work force. Such argument is without merit. The basis for the commission's decision is clear and there is no dispute to the fact that relator was incarcerated. Accordingly, relator has failed to present a basis for scrutiny under *Mitchell, supra.*

For the foregoing reasons, the objections to the referee's report are overruled, and the requested writ of mandamus is denied.

*Writ denied.*

BOWMAN, P.J., and JOHN C. YOUNG, J., concur.

FRED E. JONES, J., of the Twelfth Appellate District, sitting by assignment.