OPINIONS OF THE SUPREME COURT OF OHIO

**** SUBJECT TO FURTHER EDITING ****

The full texts of the opinions of the Supreme Court of Ohio are being transmitted electronically beginning May 27, 1992, pursuant to a pilot project implemented by Chief Justice Thomas J. Moyer.

Please call any errors to the attention of the Reporter's Office of the Supreme Court of Ohio. Attention: Walter S. Kobalka, Reporter, or Deborah J. Barrett, Administrative Assistant. Tel.: (614) 466-4961; in Ohio 1-800-826-9010. Your comments on this pilot project are also welcome.

NOTE: Corrections may be made by the Supreme Court to the full texts of the opinions after they have been released electronically to the public. The reader is therefore advised to check the bound volumes of Ohio St.3d published by West Publishing Company for the final versions of these opinions. The advance sheets to Ohio St.3d will also contain the volume and page numbers where the opinions will be found in the bound volumes of the Ohio Official Reports.

The State ex rel. Sloman, Appellant, v. Industrial Commission of Ohio et al., Appellees.
[Cite as State ex rel. Sloman v. Indus. Comm. (1994), Ohio St.3d        .]
Workers' compensation -- Claimant precluded from receiving temporary total disability compensation during period of incarceration in a federal prison.
(No. 93-2003 -- Submitted October 24, 1994 -- Decided December 14, 1994.)

Appeal from the Court of Appeals for Franklin County, No. 92AP-584.

In 1988, appellant-claimant, Lester Sloman, was injured in the course of and arising from his employment with appellee Crawford & Company. He apparently began receiving temporary total disability compensation shortly thereafter.

In late 1989, claimant was found guilty of several federal offenses. Claimant was sentenced to twenty-seven months in a federal prison.

Claimant's incarceration prompted the employer to move appellee Industrial Commission of Ohio for termination of his temporary total disability compensation "effective 12-8-89 due to the incarceration of the employee on that date. Employer further requests credit for all benefits paid beyond 12-8-89." The commission granted the motion, except that benefits were to terminate as of December 16, 1989.

Claimant filed a complaint in mandamus in the Court of Appeals for Franklin County, claiming that only state, not federal, incarceration precluded temporary total disability compensation. The appellate court denied the writ.

This cause is now before the court on appeal as of right.

David E. Pflanz, for appellant.
Lee Fisher, Attorney General, and Gerald H. Waterman, Assistant Attorney General, for appellee Industrial Commission.
Robert Frost & Associates, Robert E. Frost, Mark S. Maddox

and Mark A. Reynolds, for appellee Crawford & Company.

Per Curiam.  One question is presented: Can claimant receive temporary total disability compensation for the period in which he was in federal prison?  For the reasons to follow, we find that he can not.

State ex rel. Ashcraft v. Indus. Comm. (1987), 34 Ohio St.3d 42, 517 N.E.2d 533, denied temporary total disability compensation to a claimant in state prison.  Applying principles articulated earlier in State ex rel. Jones & Laughlin Steel Corp. v. Indus. Comm. (1985), 29 Ohio App.3d 145, 29 OBR 162, 504 N.E.2d 451, and State ex rel. Ramirez v. Indus. Comm. (1982), 69 Ohio St.2d 630, 23 O.O.3d 578, 433 N.E.2d 586, we  concluded that in the case of incarceration, it was claimant's own actions, not the industrial injury, that precluded a return to the former position of employment.

The holding in Ashcraft was introduced by the following passage:

"At the outset, this court takes notice of the fact that effective August 22, 1986, the legislature amended R.C. 4123.54 to prohibit a claimant's receipt of workers' compensation or benefits while confined in a penal institution in this or any state for conviction of a violation of the criminal law of this or any other state.  Hence, the resolution of this matter will only concern workers' compensation applications filed before August 22, 1986."  (Emphasis added.)  Ashcraft, 34 Ohio St.3d at 43, 517 N.E.2d at 534.

The present claimant was injured in 1988.  Relying on the language quoted above, claimant argues that Ashcraft is inapplicable, and that temporary total disability compensation is therefore payable.  Claimant's assertion, however, fails upon closer review.

Claimant interprets Ashcraft's preamble too broadly.  The introductory passage did not declare that the logic underlying Ramirez and Jones & Laughlin -- on which Ashcraft was based -- was invalid or confined to pre-1986 claims.  It instead acknowledged its statutory codification.  We need not rely on Ashcraft to find a prohibition against the award of temporary total disability compensation to federal inmates.  We may do so based on Ramirez and Jones & Laughlin alone.  Claimant ignores the most critical element of this issue -- that the type of incarceration does not change the fact that incarceration changes the nature of employment abandonment from voluntary to involuntary.

The judgment of the appellate court is accordingly affirmed.

Judgment affirmed.

Moyer, C.J., A.W. Sweeney, Douglas, Wright, Resnick, F.E. Sweeney and Pfeifer, JJ., concur.