THE STATE EX REL. SLOMAN, APPELLANT, *v.* INDUSTRIAL
COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as *State ex rel. Sloman v. Indus.
Comm.* (1994), 71 Ohio St.3d 192.]

(No. 93–2003—Submitted October 24, 1994—Decided December 14, 1994.)

*David E. Pflanz,* for appellant.

*Lee Fisher,* Attorney General, and *Gerald H. Waterman,* Assistant Attorney General, for appellee Industrial Commission.

*Robert Frost & Associates, Robert E. Frost, Mark S. Maddox* and *Mark A. Reynolds,* for appellee Crawford & Company.

*Per Curiam.* One question is presented: Can claimant receive temporary total disability compensation for the period in which he was in federal prison? For the reasons to follow, we find that he can not.

*State ex rel. Ashcraft v. Indus. Comm.* (1987), 34 Ohio St.3d 42, 517 N.E.2d 533, denied temporary total disability compensation to a claimant in state prison.

Applying principles articulated earlier in *State ex rel. Jones & Laughlin Steel Corp. v. Indus. Comm.* (1985), 29 Ohio App.3d 145, 29 OBR 162, 504 N.E.2d 451, and *State ex rel. Ramirez v. Indus. Comm.* (1982), 69 Ohio St.2d 630, 23 O.O.3d 518, 433 N.E.2d 586, we concluded that in the case of incarceration, it was claimant's own actions, not the industrial injury, that precluded a return to the former position of employment.

The holding in *Ashcraft* was introduced by the following passage:

"At the outset, this court takes notice of the fact that effective August 22, 1986, the legislature amended R.C. 4123.54 to prohibit a claimant's receipt of workers' compensation or benefits while confined in a penal institution in this or any state for conviction of a violation of the criminal law of this or any other state. *Hence, the resolution of this matter will only concern workers' compensation applications filed before August 22, 1986.*" (Emphasis added.) *Ashcraft*, 34 Ohio St.3d at 43, 517 N.E.2d at 534.

The present claimant was injured in 1988. Relying on the language quoted above, claimant argues that *Ashcraft* is inapplicable, and that temporary total disability compensation is therefore payable. Claimant's assertion, however, fails upon closer review.

Claimant interprets *Ashcraft's* preamble too broadly. The introductory passage did not declare that the logic underlying *Ramirez* and *Jones & Laughlin*—on which *Ashcraft* was based—was invalid or confined to pre–1986 claims. It instead acknowledged its statutory codification. We need not rely on *Ashcraft* to find a prohibition against the award of temporary total disability compensation to federal inmates. We may do so based on *Ramirez* and *Jones & Laughlin* alone. Claimant ignores the most critical element of this issue—that the type of incarceration does not change the fact that incarceration changes the nature of employment abandonment from involuntary to voluntary.

The judgment of the appellate court is accordingly affirmed.

*Judgment affirmed.*

MOYER, C.J., A.W. SWEENEY, DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.