THE STATE EX REL. PIERRON, APPELLANT, *v.* INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as *State ex rel. Pierron v. Indus. Comm.,* 120 Ohio St.3d 40, 2008-Ohio-5245.]

(No. 2007–1460—Submitted August 26, 2008—Decided October 15, 2008.)

---

**Per Curiam.**

{¶ 1} At issue is appellant Richard Pierron's eligibility for temporary total disability compensation. Pierron was seriously injured in 1973 while working as a telephone lineman for appellee Sprint/United Telephone Company.

{¶ 2} After Pierron's injury, his doctor imposed medical restrictions that were incompatible with his former position of employment as a lineman. Sprint/United offered Pierron a light-duty warehouse job consistent with those restrictions, and Pierron continued to work in that position for the next 23 years.

{¶ 3} In 1997, Sprint/United informed Pierron that his light-duty position was being eliminated. No one disputes Pierron's assertions that Sprint (1) did not

offer him an alternate position and (2) gave him the option to retire or be laid off. Pierron chose retirement.

{¶ 4} In the years that followed, Pierron remained unemployed except for a brief part-time stint as a flower delivery person. In late 2003, he moved for temporary total disability compensation commencing June 17, 2001. A district hearing officer for appellee Industrial Commission of Ohio granted the motion. A staff hearing officer reversed, finding that Pierron had voluntarily abandoned his former position of employment when he retired.

{¶ 5} The commission affirmed that order:

{¶ 6} "[T]he injured worker voluntarily abandoned the work force when he retired in 1997. Despite the dissent's attempt to characterize the departure from the work force as involuntary, there is no evidence whatsoever that the injured worker sought any viable work during any period of time since he retired. The injured worker's choice to retire was his own. He could have accepted a lay-off and sought other work but he chose otherwise. It is not just the fact of the retirement that makes the abandonment voluntary in this claim, as the passage of time without the injured worker having worked speaks volumes. The key point * * * is that the injured worker's separation and departure from the work force is wholly unrelated to his work injury."

{¶ 7} Pierron's request to the Court of Appeals for Franklin County for a writ of mandamus compelling the commission to order compensation was denied. The court of appeals ruled that because Pierron's retirement from his light-duty warehouse job was not due to injury, his retirement could not be considered involuntary. It also held that because Pierron worked only minimally after retirement, he evinced an intent to abandon the entire labor market that barred all future temporary total disability compensation.

{¶ 8} Pierron now appeals to this court as of right.

{¶ 9} Temporary total disability compensation is intended to compensate an injured worker for the loss of earnings incurred while the industrial injury heals. *State ex rel. Ashcraft v. Indus. Comm.* (1987), 34 Ohio St.3d 42, 44, 517 N.E.2d 533. There can be no lost earnings, however, or even a potential for lost earnings, if the claimant is no longer part of the active work force. As *Ashcraft* observed, a claimant who leaves the labor market "no longer incurs a loss of earnings because he is no longer in a position to return to work." When the reason for this absence from the work force is unrelated to the industrial injury, temporary total disability compensation is foreclosed. *State ex rel. Rockwell Internatl. v. Indus. Comm.* (1988), 40 Ohio St.3d 44, 531 N.E.2d 678. As we stated in *State ex rel. Baker v. Indus. Comm.* (2000), 89 Ohio St.3d 376, 380–381, 732 N.E.2d 355, when a claimant "chooses for reasons unrelated to his industrial injury not to return to any work when able to do so, that employee has

abandoned both his employment and his eligibility for [temporary total disability]."

{¶ 10} We are confronted with this situation in the case before us. The commission found that after Pierron's separation from Sprint/United, his actions—or more accurately inaction—in the months and years that followed evinced an intent to leave the work force. This determination was within the commission's discretion. Abandonment of employment is largely a question " 'of intent * * * [that] may be inferred from words spoken, acts done, and other objective facts.' " *State ex rel. Diversitech Gen. Plastic Film Div. v. Indus. Comm.* (1989), 45 Ohio St.3d 381, 383, 544 N.E.2d 677, quoting *State v. Freeman* (1980), 64 Ohio St.2d 291, 297, 18 O.O.3d 472, 414 N.E.2d 1044. In this case, the lack of evidence of a search for employment in the years following Pierron's departure from Sprint/United supports the commission's decision.

{¶ 11} We recognize that Pierron did not initiate his departure from Sprint/United. We also recognize, however, that there was no causal relationship between his industrial injury and either his departure from Sprint/United or his voluntary decision to no longer be actively employed. When a departure from the entire work force is not motivated by injury, we presume it to be a lifestyle choice, and as we stated in *State ex rel. Pepsi–Cola Bottling Co. v. Morse* (1995), 72 Ohio St.3d 210, 216, 648 N.E.2d 827, workers' compensation benefits were never intended to subsidize lost or diminished earnings attributable to lifestyle decisions. In this case, the injured worker did not choose to leave his employer in 1997, but once that separation nevertheless occurred, Pierron had a choice: seek other employment or work no further. Pierron chose the latter. He cannot, therefore, credibly allege that his lack of income from 2001 and beyond is due to industrial injury. Accordingly, he is ineligible for temporary total disability compensation.

{¶ 12} The judgment of the court of appeals is affirmed.

Judgment affirmed.

LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

PFEIFER, J., concurs in judgment only.

MOYER, C.J., dissents.

———

Joseph E. Gibson, for appellant.

Nancy Hardin Rogers, Attorney General, and Eric C. Harrell, Assistant Attorney General, for appellee Industrial Commission.

Sara L. Rose, L.L.C., and Sara L. Rose, for appellee Sprint/United Telephone Company.