THE STATE EX REL. LACKEY, APPELLANT, *v.* INDUSTRIAL COMMISSION OF

OHIO ET AL., APPELLEES.

[Cite as *State ex rel. Lackey v. Indus. Comm.*,

**129 Ohio St.3d 119, 2011-Ohio-3089.]**

*Workers' compensation — Temporary total disability compensation — Aggravation of preexisting allowed condition — Denial of request for reinstatement of compensation after voluntary retirement not an abuse of discretion — Claimant did not demonstrate through medical evidence at time of retirement that departure from job was causally related to industrial injury — Writ denied.*

(No. 2009-1755 — Submitted May 10, 2011 — Decided June 29, 2011.)

APPEAL from the Court of Appeals for Franklin County, No. 08AP-262,

2009-Ohio-4208.

_____

**Per Curiam**.

**{¶ 1}** At issue is appellant Juan L. Lackey's request for temporary total disability compensation ("TTC") following his retirement from appellee Penske Truck Leasing Company, L.L.P. Lackey drove trucks for Penske, and in 2001 he injured his knee at work. Surgery was performed in 2003, and Lackey missed two months of work.

**{¶ 2}** After his return, Lackey drove full-time for the next 15 months. During that time, he moved to have additional knee conditions allowed in his claim. He also, on July 27, 2004, filed retirement papers with Penske. Lackey does not dispute that nothing in his retirement documents indicated that the retirement was connected to the industrial injury. Lackey continued to work full-

time for the next three months until the retirement became effective on October 31, 2004.

{¶ 3} On August 31, 2004, while Lackey was still working, Lackey's counsel wrote to Penske's third-party benefits administrator, alleging that Lackey was retiring because of his injury. Contemporaneous medical evidence, however, did not indicate that Lackey's ability to work was compromised by his medical condition.

{¶ 4} In December 2004, Lackey's claim was additionally allowed for aggravation of preexisting chondromalacia as well as other degenerative changes. In November 2005, Lackey again had knee surgery, and he requested that TTC be reinstated.

{¶ 5} A district hearing officer for appellee Industrial Commission of Ohio denied the request after finding that Lackey had voluntarily retired from his former position of employment for reasons unrelated to his industrial injury. The district hearing officer found that at the time Lackey retired, there was no medical evidence indicating that Lackey's industrial injury affected his ability to work. Consequently, the district hearing officer was not persuaded by Lackey's assertion that his decision to retire was motivated by his allowed knee conditions.

{¶ 6} The district hearing officer also found that Lackey's retirement constituted a voluntary abandonment of the entire labor market. On appeal, a staff hearing officer elaborated on that finding, stressing that in the 17 months since Lackey had retired, he had not looked for other work. The staff hearing officer also felt that Lackey's testimony evinced an intention not to work again. The staff hearing officer affirmed the previous order in its entirety, keeping the denial of TTC intact.

{¶ 7} Lackey appealed to the commission and submitted an April 3, 2006 affidavit in which he claimed that he had retired because of his industrial

2

accident. The commission, however, refused both further appeal and his subsequent request for R.C. 4123.52 reconsideration.

{¶ 8} Lackey filed a mandamus action in the Court of Appeals for Franklin County, alleging that the commission had abused its discretion in denying compensation. The court of appeals denied the writ after finding that the commission's findings were supported by evidence.

{¶ 9} This cause is now before this court on an appeal as of right.

{¶ 10} A temporary total disability is one that prevents an employee from returning to his or her former position of employment. *State ex rel. Ramirez v. Indus. Comm.* (1982), 69 Ohio St.2d 630, 632, 23 O.O.3d 518, 433 N.E.2d 586. It must arise from a condition that was caused by the industrial injury and that has not reached maximum medical improvement. R.C. 4123.56(A); *Fox v. Indus. Comm.* (1955), 162 Ohio St. 569, 55 O.O. 472, 125 N.E.2d 1.

{¶ 11} Eligibility for compensation under these circumstances depends on whether the separation from employment was injury-induced. If it was not, a claimant may receive TTC only if he or she has found other employment and is later prevented from doing that job by a flare-up of the original industrial injury. *State ex rel. Baker v. Indus. Comm.* (2000), 89 Ohio St.3d 376, 384, 732 N.E.2d 355. If departure was related to the injury, it is not necessary for the claimant to first obtain other employment, but it is necessary that the claimant has not foreclosed that possibility by abandoning the entire workforce. Id. at 383-384. That is because TTC compensates for "the loss of earnings which [a claimant] incurs while the injury heals." *State ex rel. Ashcraft v. Indus. Comm.* (1987), 34 Ohio St.3d 42, 44, 517 N.E.2d 533. When a worker voluntarily exits the labor market, "he no longer incurs a loss of earnings because he is no longer in a position to return to work." Id.

{¶ 12} Lackey alleges that he left Penske because of his industrial injury. The commission found otherwise and also found that when Lackey left Penske, he

retired from the larger labor market as well. Review supports the commission's order.

{¶ 13} There is no medical evidence indicating that when Lackey filed for retirement, his ability to perform his regular duties was adversely affected by his industrial injury. To the contrary, Lackey worked full-time for nearly a year before submitting his retirement notice and continued to work in that same capacity for another three months. This is hardly consistent with a condition so debilitating as to force an individual prematurely from his job.

{¶ 14} Lackey points to both his 2006 affidavit and his attorney's August 2004 letter as evidence that his injury indeed motivated his decision to retire. As to the former, Lackey did not submit his affidavit until after the staff hearing officer proceeding, so the commission was not required to consider it. *State ex rel. Cordray v. Indus. Comm.* (1990), 54 Ohio St.3d 99, 561 N.E.2d 917. The commission, moreover, is the sole evaluator of evidentiary weight and credibility, so it was free to reject counsel's letter as unpersuasive. *State ex rel. Burley v. Coil Packing, Inc.* (1987), 31 Ohio St.3d 18, 31 OBR 70, 508 N.E.2d 936.

{¶ 15} The commission did not abuse its discretion in finding that Lackey's retirement was unrelated to his injury. Accordingly, Lackey could receive postretirement TTC only if he were gainfully employed elsewhere and prevented from doing that job by his industrial injury. That did not occur.

{¶ 16} The judgment of the court of appeals is affirmed.

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, LUNDBERG STRATTON, O'DONNELL, LANZINGER, CUPP, and MCGEE BROWN, JJ., concur.

_____

Thomas W. Condit, for appellant.

Schottenstein, Zox & Dunn, Robert M. Robenalt, and Meghan Dargay Majernik, for appellee Penske Truck Leasing Co., L.L.P.

4

Michael DeWine, Attorney General, and Kevin J. Reis, Assistant Attorney General, for appellee Industrial Commission of Ohio.

_____