[Cite as *State ex rel. Corman v. Allied Holdings, Inc.,* 132 Ohio St.3d 202, 2012-Ohio-2579.]

THE STATE EX REL. CORMAN, APPELLANT, *v*. ALLIED HOLDINGS, INC. ET AL.,
APPELLEES.

[Cite as *State ex rel. Corman v. Allied Holdings, Inc.,*
132 Ohio St.3d 202, 2012-Ohio-2579.]

*Workers' compensation—Temporary total disability—Retirement—Claimant's*
*departure from labor force precludes award of temporary total disability*
*benefits when claimant makes no effort to find other work and offers no proof*
*of medical inability to perform other work.*

(No. 2010-2002—Submitted April 24, 2012—Decided June 14, 2012.)

APPEAL from the Court of Appeals for Franklin County,

No. 10AP-38, 2010-Ohio-5153.

_____

**Per Curiam**.

**{¶ 1}** A claimant who permanently leaves the work force for reasons unrelated to his or her industrial injury cannot receive temporary total disability compensation ("TTC"). *State ex rel. Pierron v. Indus. Comm.,* 120 Ohio St.3d 40, 2008-Ohio-5245, 896 N.E.2d 140, ¶ 9. Appellee Industrial Commission of Ohio denied appellant Ronald R. Corman's application for TTC after finding, among other things, that Corman had abandoned the work force for reasons unrelated to his injury. Corman challenges that decision.

**{¶ 2}** Corman has an allowed workers' compensation claim arising from a 2002 injury. He retired from appellee Allied Holdings, Inc. a year later and never worked again. The record contains no evidence that he was medically incapable of other work. In 2009, the commission denied Corman's request to have TTC reinstated. It found, among other things, that Corman's retirement was voluntary and unrelated to his injury. The commission noted that Corman never

sought other work in the years after he left Allied Holdings, thus demonstrating his intent to permanently abandon the labor market.

{¶ 3}  Corman filed a complaint in mandamus in the Court of Appeals for Franklin County, alleging that the commission had abused its discretion in denying TTC.  The court of appeals, however, agreed that Corman had abandoned the work force for reasons unrelated to his injury and denied the writ.

{¶ 4}  This cause is now before this court on Corman's appeal as of right.

{¶ 5}  TTC compensates claimants "for the loss of earnings which he [or she] incurs while the injury heals."  *State ex rel. Ashcraft v. Indus. Comm.*, 34 Ohio St.3d 42, 44, 517 N.E.2d 533 (1987).  There "can be no lost earnings, however, or even a potential for lost earnings, if the claimant is no longer part of the active work force."  *Pierron* at ¶ 9.  Thus, "[w]hen the reason for this absence from the work force is unrelated to the industrial injury, temporary total disability compensation is foreclosed."  *Id.*

{¶ 6}  There are important similarities between the case before us and *Pierron*.  Both claimants sought TTC years after retiring from their former positions of employment.  In those intervening years, neither individual made a credible effort to secure other employment.  Neither claimant produced evidence of a medical inability to perform other work during those years, prompting the commission to conclude in each case that the claimant had permanently left the work force.  In upholding the commission's order in *Pierron*, we explained that

> [w]hen a departure from the entire work force is not motivated by injury, we presume it to be a lifestyle choice, and as we stated in *State ex rel. Pepsi-Cola Bottling Co. v. Morse* (1995), 72 Ohio St.3d 210, 216, 648 N.E.2d 827, workers' compensation benefits were never intended to subsidize lost or diminished earnings attributable to lifestyle decisions.  In this case, the injured worker

2

did not choose to leave his employer in 1997 [i.e., his job was eliminated], but once that separation nevertheless occurred, Pierron had a choice: seek other employment or work no further. Pierron chose the latter. He cannot therefore credibly allege that his lack of income from 2001 and beyond is due to industrial injury. Accordingly, he is ineligible for temporary total disability compensation.

*Id.*, 120 Ohio St.3d 40, 2008-Ohio-5245, 896 N.E.2d 140, at ¶ 11.

**{¶ 7}** Corman's attempt to distinguish *Pierron* is not persuasive. Corman contends that he retired from his former position of employment with Allied Holdings because of his injury—a claim that was not made in *Pierron*. The commission, however, did not find that Corman's departure from Allied Holdings was injury-induced, but even if it had, it would not advance his cause. As in *Pierron*, there was no evidence of a medical inability to perform other work in the years between Corman's departure from Allied Holdings and his request for TTC, so Corman had the same choice as Pierron—seek other employment or work no further. When Corman elected the latter, he eliminated the possibility of, or potential for, lost wages. He cannot, therefore, credibly assert that he has lost income due to his industrial injury.

**{¶ 8}** The judgment of the court of appeals is affirmed.

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, LUNDBERG STRATTON, O'DONNELL, LANZINGER, CUPP, and MCGEE BROWN, JJ., concur.

————————————

Clements, Mahin & Cohen Co., L.P.A., William E. Clements, and Paul A. Lewandowski, for appellant.

Scott, Scriven & Wahoff, L.L.P., Richard Goldberg, William J. Wahoff, and Nelva J. Smith, for appellee Allied Holdings, Inc.

Michael DeWine, Attorney General, and Charissa D. Payer, Assistant Attorney General, for appellee Industrial Commission of Ohio.

Philip J. Fulton Law Office, Philip J. Fulton, and Ross R. Fulton, urging reversal for amicus curiae Ohio Association of Claimants' Counsel and Ohio Association for Justice.

Garvin & Hickey, L.L.C., Preston J. Garvin, and Michael J. Hickey, urging affirmance for amicus curiae Ohio Chamber of Commerce.

Bricker & Eckler, L.L.P., and Thomas R. Sant, urging affirmance for amicus curiae Ohio Chapter, National Federation of Independent Business.

Vorys, Sater, Seymour & Pease, L.L.P., and Robert A. Minor, urging affirmance for amicus curiae Ohio Self-Insurers Association.

_____