THE STATE EX REL. ROUAN, APPELLANT, *v.* INDUSTRIAL COMMISSION

OF OHIO ET AL., APPELLEES.

[Cite as *State ex rel. Rouan v. Indus. Comm.*,

**133 Ohio St.3d 249, 2012-Ohio-4639.]**

*Workers' compensation—Temporary total disability compensation—Disability*

*retirement—Voluntary abandonment of the work force—Court of appeals'*

*judgment denying benefits affirmed.*

(No. 2011-0775—Submitted August 21, 2012—Decided October 11, 2012.)

APPEAL from the Court of Appeals for Franklin County,

No. 10AP-36, 2011-Ohio-1897.

_____

**Per Curiam**.

{¶ 1} When determining whether an employee's retirement bars a subsequent request for temporary total disability compensation ("TTC"), two considerations predominate: (1) was the retirement precipitated by the workplace injury and (2) did the claimant remain in the work force after retiring? Appellant, Patricia Rouan, unsuccessfully sought postretirement TTC and now challenges that denial in this court.

## FACTS

{¶ 2} Rouan began receiving TTC in 2004 after hurting her leg at work. Several months later, she filed a disability-retirement application with the Ohio Public Employees Retirement System. The application attributed Rouan's inability to work exclusively to "major depressive disorder"—a condition that appellee Industrial Commission of Ohio had specifically disallowed as part of her claim.

**{¶ 3}** During the processing of her retirement application, Rouan continued to receive TTC for her allowed knee and leg conditions. In mid-May 2005, Rouan's doctor indicated that these conditions had reached maximum medical improvement, and pursuant to R.C. 4123.56(A), TTC was stopped. At approximately the same time, Rouan's retirement application was approved with a retroactive retirement date of February 1, 2005. Rouan left the work force and has not worked since.

**{¶ 4}** In 2007, Rouan filed an application for permanent total disability compensation ("PTD"). The commission denied the application after finding that Rouan's allowed conditions did not preclude sustained remunerative employment. She later successfully moved for the additional allowance of two arthritic knee conditions, and a request for renewed TTC followed.

**{¶ 5}** The commission denied TTC after finding that Rouan had voluntarily abandoned the work force when she took disability retirement for a condition that was unrelated to her workplace injury. The Court of Appeals for Franklin County agreed and denied Rouan's request for a writ of mandamus. Rouan now appeals to this court as a matter of right.

### DISCUSSION

**{¶ 6}** A claimant who permanently abandons the work force for reasons unrelated to the workplace injury cannot collect TTC. *State ex rel. Corman v. Allied Holdings, Inc.*, 132 Ohio St.3d 202, 2012-Ohio-2579, 970 N.E.2d 929, ¶ 1, citing *State ex rel. Pierron v. Indus. Comm.*, 120 Ohio St.3d 40, 2008-Ohio-5245, 896 N.E.2d 140, ¶ 9. As the court explains in *Corman*, "TTC compensates claimants 'for the loss of earnings which he [or she] incurs while the injury heals.' *State ex rel. Ashcraft v. Indus. Comm.*, 34 Ohio St.3d 42, 44, 517 N.E.2d 533 (1987). There 'can be no lost earnings, however, or even a potential for lost earnings, if the claimant is no longer part of the active work force.' *Pierron* at ¶ 9." *Id.* at ¶ 5. *See also State ex rel. Rockwell Internatl. v. Indus. Comm.*, 40

2

Ohio St.3d 44, 45-46, 531 N.E.2d 678 (1988) (a claimant who retires for reasons unrelated to his or her injury cannot receive TTC, since it is the claimant's own action, not the industrial injury, that prevents a return to the former position of employment).

{¶ 7} It is undisputed that Rouan permanently left the work force after she retired. The evidence also indicates that her retirement was not related to her workplace injury, but was instead based on a "major depressive disorder" that had been specifically disallowed in her claim. Under *Corman* and *Pierron*, the commission did not abuse its discretion in refusing to reinstate TTC.

{¶ 8} Rouan, nevertheless, contends that she cannot be deemed to have voluntarily abandoned the entire work force when she took disability retirement in 2005. Citing *State ex rel. Brown v. Indus. Comm.*, 68 Ohio St.3d 45, 623 N.E.2d 55 (1993), Rouan argues that a claimant who is temporarily and totally disabled at the time of retirement cannot be deemed to have voluntarily abandoned the work force.

{¶ 9} In *Brown*, the claimant was incarcerated after the commission had awarded him PTD. As a result of his incarceration, the commission suspended Brown's PTD under the theory that his incarceration amounted to a voluntary abandonment of his former job. We found that the commission's suspension of PTD was contrary to law. Because Brown was permanently and totally disabled before his incarceration, his injury—not his imprisonment—had permanently removed him from the work force. *Id*. at 49. We reasoned that "once a worker has been declared permanently and totally disabled he or she is incapable of returning to work." *Id*. at 48. Accordingly, we held that a claimant like Brown who has a permanent and total disability is incapable of abandoning the work force because the claimant has already been permanently removed from the work force by reason of his or her injury. *Id*. at 48-49. We also stated, however, that a "claimant can abandon a former position or remove himself or herself from the

work force only if he or she has the physical capacity for employment at the time of abandonment or removal." *Id*. at 48.

**{¶ 10}** *Brown* does not advance Rouan's cause for two reasons. First, unlike the claimant who suffered the workplace injury in *Brown*, Rouan suffered a temporary but not a permanent disability. Rouan's leg injury foreclosed a return to her former job, but it did not medically disqualify her from other employment. Two years after her disability retirement was approved, Rouan filed an application for PTD. The commission denied her application, finding that Rouan's allowed conditions did not preclude sustained remunerative employment. Thus, unlike the claimant in *Brown*, whose abandonment of the work force could only be deemed involuntary because of his permanent and total disability, Rouan voluntarily removed herself from the work force by taking disability retirement, because she still had the physical ability to work.

**{¶ 11}** Second, as noted, the claimant's decision in *Brown* to engage in criminal activity could not be considered a voluntary abandonment of his former job because his industrial injury—as demonstrated by his receipt of PTD—had removed him from the work force before his incarceration did. Hence, Brown's incarceration did not negate the "causal relationship between the work-related injury suffered by [Brown] and his * * * absence from the work force." *Id*. at 49.

**{¶ 12}** In contrast, there is only one reason why Rouan did not return to the work force: she suffers from a "major depressive disorder," a condition that is unrelated to her workplace injury. Her disability retirement negated the causal relationship between her work-related injury and her absence from the work force. Thus, she cannot take advantage of the reasoning upon which *Brown* is based, rendering her reliance on that decision misplaced.

**{¶ 13}** Pursuant to *Corman* and *Pierron*, we affirm the judgment of the court of appeals.

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, LUNDBERG STRATTON, O'DONNELL, LANZINGER, CUPP, and MCGEE BROWN, JJ., concur.

_____

Schiavoni, Schiavoni, Bush & Muldowney, Shawn R. Muldowney, and Joseph J. Bush III, for appellant.

Michael DeWine, Attorney General, and Kevin J. Reis, Assistant Attorney General, for appellee Industrial Commission of Ohio.

Paul J. Gains, Mahoning County Prosecuting Attorney, and Elizabeth M. Phillips, Assistant Prosecuting Attorney, for appellee Mahoning County.

_____