[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Honda of Am. Mfg., Inc. v. Indus. Comm.*, Slip Opinion No. 2014-Ohio-1894.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2014-OHIO-1894

THE STATE EX REL. HONDA OF AMERICA MANUFACTURING, INC., APPELLANT,

*v.* INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLEES.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Honda of Am. Mfg., Inc. v. Indus. Comm.*, Slip Opinion No. 2014-Ohio-1894.]**

*Workers' compensation—Temporary-total-disability compensation—Involuntary retirement—Claimant entitled to compensation when there is evidence that claimant retired because of the industrial injury and no evidence that claimant abandoned the workforce.*

(No. 2012-1499—Submitted October 22, 2013—Decided May 7, 2014.)

APPEAL from the Court of Appeals for Franklin County, No. 11AP-528, 2012-Ohio-3335.

_____

**Per Curiam**.

{¶ 1}  Honda of America Manufacturing, Inc., appeals the judgment of the Tenth District Court of Appeals denying its request for a writ of mandamus

that would require the Industrial Commission to vacate its award of temporary-total-disability compensation to Honda's former employee, Robert Corlew.

{¶ 2} For the reasons that follow, we affirm.

*Facts and Procedural Background*

{¶ 3} Corlew began working for Honda in 1988. On December 5, 2003, he was injured while working. His workers' compensation claim was allowed for contusion and tendonitis of the right wrist and related injuries, as well as for anxiety disorder.

{¶ 4} Honda, a self-insured employer, paid Corlew temporary-total-disability compensation at various times until February 29, 2008, when a district hearing officer determined that his allowed conditions had reached maximum medical improvement and terminated Corlew's compensation. Honda then offered Corlew the opportunity for vocational-rehabilitation services, but Corlew chose not to participate.

{¶ 5} Between December 2006 and December 2008, Corlew participated in Honda's Medically Inactive Transition Program ("MIT"), a recovery-and-treatment program for employees who are unable to work for an extended period of time due to a medical condition. For some of the time that he was in the program, Corlew received long-term-disability benefits.

{¶ 6} After 130 weeks in the MIT program, Honda's long-term-disability insurance carrier evaluated Corlew and determined that he was no longer eligible for ongoing benefits because he was capable of gainful employment outside of Honda. There being no position available at Honda, Corlew retired as of December 31, 2008.

{¶ 7} On December 29, 2009, Corlew underwent surgery on his wrist. He applied for temporary-total-disability compensation to be paid during his postsurgical recovery. A district hearing officer awarded benefits and a staff hearing officer affirmed that decision.

**{¶ 8}** Honda appealed to the full commission. At the hearing, Honda's representative stated that Corlew's long-term-disability benefits ended when it was determined that he could return to some type of work outside of Honda and that in lieu of termination, the claimant decided to take an age-based retirement. Corlew testified that he retired because of his industrial injury and that he wanted to return to work, but his injury prevented him from doing so.

**{¶ 9}** The commission found Corlew's testimony persuasive and concluded that he had not voluntarily retired or abandoned the workforce. The commission noted that Honda did not argue voluntary abandonment, refusal of a good-faith job offer, voluntary retirement, or maximum medical improvement. The commission rejected as unsupported by law Honda's sole argument that the claimant must sustain an economic loss to be eligible for temporary-total-disability compensation. Instead, the commission concluded that Corlew had met the statutory requirements for temporary total disability and granted his request for compensation.

**{¶ 10}** Honda filed a complaint in the Tenth District Court of Appeals for a writ of mandamus. Honda alleged that the commission's order contained a clear mistake of law and constituted an abuse of discretion because the claimant had failed to demonstrate that he suffered a loss of earnings caused by his industrial injury during the period he was claiming to be disabled.

**{¶ 11}** The magistrate concluded that the commission did not abuse its discretion when it awarded compensation for temporary total disability. The magistrate agreed with the commission that Corlew's retirement had been due to his industrial injury and thus was involuntary and that Corlew wanted to return to work but was unable to do so as a result of the conditions allowed in his claim. The magistrate noted that Honda did not argue that the retirement was voluntary or that Corlew had abandoned the entire workforce. The magistrate recommended that the appellate court deny Honda's request for a writ.

**{¶ 12}** Honda filed objections to the magistrate's decision, arguing that the magistrate had failed to address the issue raised, i.e., whether a claimant must first prove a loss of earnings to be eligible for temporary-total-disability compensation. The court of appeals, however, overruled Honda's objection, adopted the magistrate's decision, and denied the writ of mandamus.

**{¶ 13}** This cause is now before the court on an appeal as of right.

*Analysis*

**{¶ 14}** This case involves Corlew's postretirement request for temporary-total-disability compensation to be paid during his postsurgical recovery period. The narrow issue advanced by Honda is whether a claimant who has not suffered a loss in earnings due to the industrial injury is entitled to an award of temporary-total-disability compensation. According to Honda, Corlew had been retired for one year at the time of the surgery and was not looking for a job, and there was no evidence that he intended to reenter the workforce. Honda has consistently maintained that regardless of whether Corlew's retirement was voluntary or involuntary, he was not eligible for temporary-total-disability compensation, because he suffered no economic loss that could be directly attributed to his industrial injury.

**{¶ 15}** The court of appeals concluded that when considering a postretirement request for temporary-total-disability compensation, the relevant issue is whether the claimant voluntarily or involuntarily retired. 10th Dist. Franklin No. 11AP-528, 2012-Ohio-3335, ¶ 7. Our case law supports this conclusion. *State ex rel. Lackey v. Indus. Comm.*, 129 Ohio St.3d 119, 2011-Ohio-3089, 950 N.E.2d 542; *State ex rel. Corman v. Allied Holdings, Inc.*, 132 Ohio St.3d 202, 2012-Ohio-2579, 970 N.E.2d 929. In *Lackey*, we addressed a claimant's request for postretirement temporary-total-disability compensation following knee surgery. We clarified that "[e]ligibility for compensation under these circumstances depends on whether the separation from employment was

injury-induced." *Id*. at ¶ 11. And if the retirement is related to the injury, it is not necessary for the claimant to first obtain other employment, but it is necessary that the claimant has not foreclosed that possibility by abandoning the entire workforce. *Id*.; *Corman* at ¶ 7.

{¶ 16} Here, the court of appeals concluded that the commission had properly addressed the relevant issue of Corlew's retirement and had determined that the record contained evidence that Corlew retired because of his industrial injury, but that there was no evidence that he had abandoned the entire workforce.

{¶ 17} We agree and therefore affirm the judgment of the court of appeals.

Judgment affirmed.

PFEIFER and O'NEILL, JJ., concur.

O'CONNOR, C.J., and LANZINGER, J., concur in judgment only.

O'DONNELL, KENNEDY, and FRENCH, JJ., dissent.

_____

**LANZINGER, J., concurring in judgment only.**

{¶ 18} On first blush, the dissent's argument holds some appeal. The typical claimant who receives temporary-total-disability compensation is one who is still employed but unable to work due to a workplace injury. It seems incongruent that someone who has retired can be eligible for this award. But we have previously held that if the decision to retire is causally related to the workplace injury, an employee's retirement is involuntary, and temporary-total-disability compensation may be awarded if there is some evidence that the employee had intended to remain in the workforce. *State ex rel. Lackey v. Indus. Comm.*, 129 Ohio St.3d 119, 2011-Ohio-3089, 950 N.E.2d 542, ¶ 11; *State ex rel. Rockwell Internatl. v. Indus. Comm.*, 40 Ohio St.3d 44, 46, 531 N.E.2d 678 (1988). In other words, but for the workplace injury, the claimant would have been gainfully employed and earning wages.

{¶ 19} Honda failed to challenge the hearing officer's determination that Corlew had retired due to his workplace injury. This leaves standing the determination that the retirement was involuntary and makes Corlew eligible for temporary-total-disability compensation. I therefore concur in judgment only.

O'CONNOR, C.J., concurs in the foregoing opinion.

_____

**KENNEDY, J., dissenting.**

{¶ 20} Respectfully, I dissent. I agree that when considering a claimant's postretirement request for temporary-total-disability compensation, the initial inquiry is whether the claimant voluntarily or involuntarily retired. However, because I believe that R.C. 4123.56(A) requires an actual wage loss, in order to qualify for temporary-total-disability compensation the claimant must also demonstrate an economic loss. Since Robert Corlew had no loss of earnings, he is not entitled to temporary-total-disability compensation. Therefore, I would reverse the judgment of the court of appeals and issue a writ of mandamus ordering the Industrial Commission to vacate its order granting temporary-total-disability compensation.

{¶ 21} The majority fails to address Honda's proposition of law, which raises an issue of first impression. Honda does not challenge the factual determination that Corlew involuntary retired as a result of an industrial injury. Instead, Honda argues that the court of appeals made an error of law and abused its discretion by failing to apply R.C. 4123.56(A) as written.

{¶ 22} R.C. 4123.56 requires an actual wage loss ("an employee shall receive sixty-six and two-third percent of the employee's average weekly wage so long as such disability is total"). This court has repeatedly stated that the purpose of temporary-total-disability compensation is to compensate for the loss of earnings while an industrial injury heals. In *State ex rel. McCoy v. Dedicated*

*Transport, Inc.*, 97 Ohio St.3d 25, 2002-Ohio-5305, 776 N.E.2d 51, ¶ 35, this court stated:

> All forms of death and disability benefits provided by R.C. Chapter 4123 are intended to compensate "for loss sustained on account of the injury." R.C. 4123.54(A). For purposes of compensability, a causal relationship must exist between the employee's industrial injury and the loss that the requested benefit is designed to compensate.

*See also State ex rel. Rouan v. Indus. Comm.*, 133 Ohio St.3d 249, 2012-Ohio-4639, 977 N.E.2d 648; *State ex rel. Gross v. Indus. Comm.*, 115 Ohio St.3d 249, 2007-Ohio-4916, 874 N.E.2d 1162; *State ex rel. Ashcraft v. Indus. Comm.*, 34 Ohio St.3d 42, 517 N.E.2d 533 (1987). Therefore, to qualify for temporary-total-disability compensation, Corlew must show not only an industrial injury but an actual loss of wages as a result of the injury.

{¶ 23} At the time Corlew applied for temporary-total-disability compensation, he had been retired and out of the workforce for one year. Therefore, Corlew could not have suffered a loss of earnings and was ineligible for temporary-total-disability compensation regardless of the reason for his retirement.

{¶ 24} Moreover, because I believe that the statute requires an actual loss of earnings, an award of temporary-total-disability compensation absent such an economic loss is an unauthorized damage award. This violates Article II, Section 35, of the Ohio Constitution. Ohio's workers' compensation laws were enacted to provide compensation to workers who are injured in the course of employment "in lieu of all other rights to compensation, or damages, for such death, injuries, or occupational disease." *Id*.

**{¶ 25}** Since I believe that an award of temporary-total-disability compensation is predicated on an actual loss of earnings, in order for a claimant to be eligible under R.C. 4123.56 for that compensation, the claimant must establish not only that his industrial injury is disabling but also that he has sustained an actual economic loss.

**{¶ 26}** Therefore, I respectfully dissent. I would reverse the judgment of the court of appeals and grant a writ of mandamus ordering the commission to vacate its order granting temporary-total-disability compensation.

O'DONNELL and FRENCH, JJ., concur in the foregoing opinion.

_____

Vorys, Sater, Seymour & Pease, L.L.P., and Robert A. Minor, for appellant.

Michael DeWine, Attorney General, and Patsy Thomas, Assistant Attorney General, for appellee Industrial Commission.

Law Office of Stanley R. Jurus and Frank A. Vitale, for appellee Robert L. Corlew.

_____