Per Curiam.
{¶ 1} Honda of America Manufacturing, Inc., appeals the judgment of the Tenth District Court of Appeals denying its request for a writ of mandamus that would require the Industrial Commission to vacate its award of temporary-total-disability compensation to Honda’s former employee, Robert Corlew.
{¶ 2} For the reasons that follow, we affirm.

Facts and Procedural Background

{¶ 3} Corlew began working for Honda in 1988. On December 5, 2003, he was injured while working. His workers’ compensation claim was allowed for contusion and tendinitis of the right wrist and related injuries, as well as for anxiety disorder.
{¶ 4} Honda, a self-insured employer, paid Corlew temporary-total-disability compensation at various times until February 29, 2008, when a district hearing officer determined that his allowed conditions had reached maximum medical improvement and terminated Corlew’s compensation. Honda then offered Corlew the opportunity for vocational-rehabilitation services, but Corlew chose not to participate.
{¶ 5} Between December 2006 and December 2008, Corlew participated in Honda’s Medically Inactive Transition Program (“MIT”), a recovery-and-treatment program for employees who are unable to work for an extended period of time due to a medical condition. For some of the time that he was in the program, Corlew received long-term-disability benefits.
{¶ 6} After 130 weeks in the MIT program, Honda’s long-term-disability insurance carrier evaluated Corlew and determined that he was no longer eligible *291 for ongoing benefits because he was capable of gainful employment outside of Honda. There being no position available at Honda, Corlew retired as of December 31, 2008.
{¶ 7} On December 29, 2009, Corlew underwent surgery on his wrist. He applied for temporary-total-disability compensation to be paid during his post-surgical recovery. A district hearing officer awarded benefits, and a staff hearing officer affirmed that decision.
{¶ 8} Honda appealed to the full commission. At the hearing, Honda’s representative stated that Corlew’s long-term-disability benefits ended when it was determined that he could return to some type of work outside of Honda and that in lieu of termination, the claimant decided to take an age-based retirement. Corlew testified that he retired because of his industrial injury and that he wanted to return to work, but his injury prevented him from doing so.
{¶ 9} The commission found Corlew’s testimony persuasive and concluded that he had not voluntarily retired or abandoned the workforce. The commission noted that Honda did not argue voluntary abandonment, refusal of a good-faith job offer, voluntary retirement, or maximum medical improvement. The commission rejected as unsupported by law Honda’s sole argument that the claimant must sustain an economic loss to be eligible for temporary-total-disability compensation. Instead, the commission concluded that Corlew had met the statutory requirements for temporary total disability and granted his request for compensation.
{¶ 10} Honda filed a complaint in the Tenth District Court of Appeals for a writ of mandamus. Honda alleged that the commission’s order contained a clear mistake of law and constituted an abuse of discretion because the claimant had failed to demonstrate that he suffered a loss of earnings caused by his industrial injury during the period he was claiming to be disabled.
{¶ 11} The magistrate concluded that the commission did not abuse its discretion when it awarded compensation for temporary total disability. The magistrate agreed with the commission that Corlew’s retirement had been due to his industrial injury and thus was involuntary and that Corlew wanted to return to work but was unable to do so as a result of the conditions allowed in his claim. The magistrate noted that Honda did not argue that the retirement was voluntary or that Corlew had abandoned the entire workforce. The magistrate recommended that the appellate court deny Honda’s request for a writ.
{¶ 12} Honda filed objections to the magistrate’s decision, arguing that the magistrate had failed to address the issue raised, i.e., whether a claimant must first prove a loss of earnings to be eligible for temporary-total-disability compen *292 sation. The court of appeals, however, overruled Honda’s objection, adopted the magistrate’s decision, and denied the writ of mandamus.
{¶ 13} This cause is now before the court on an appeal as of right.

Analysis

{¶ 14} This case involves Corlew’s postretirement request for temporary-total-disability compensation to be paid during his postsurgical recovery period. The narrow issue advanced by Honda is whether a claimant who has not suffered a loss in earnings due to the industrial injury is entitled to an award of temporary-total-disability compensation. According to Honda, Corlew had been retired for one year at the time of the surgery and was not looking for a job, and there was no evidence that he intended to reenter the workforce. Honda has consistently maintained that regardless of whether Corlew’s retirement was voluntary or involuntary, he was not eligible for temporary-total-disability compensation, because he suffered no economic loss that could be directly attributed to his industrial injury.
{¶ 15} The court of appeals concluded that when considering a postretirement request for temporary-total-disability compensation, the relevant issue is whether the claimant voluntarily or involuntarily retired. 2012-Ohio-3335, 2012 WL 3008039, ¶ 7. Our case law supports this conclusion. State ex rel. Lackey v. Indus. Comm., 129 Ohio St.3d 119, 2011-Ohio-3089, 950 N.E.2d 542; State ex rel. Corman v. Allied Holdings, Inc., 132 Ohio St.3d 202, 2012-Ohio-2579, 970 N.E.2d 929. In Lackey, we addressed a claimant’s request for postretirement temporary-total-disability compensation following knee surgery. We clarified that “[eligibility for compensation under these circumstances depends on whether the separation from employment was injury-induced.” Id. at ¶ 11. And if the retirement is related to the injury, it is not necessary for the claimant to first obtain other employment, but it is necessary that the claimant has not foreclosed that possibility by abandoning the entire workforce. Id.', Corman at ¶ 7.
{¶ 16} Here, the court of appeals concluded that the commission had properly addressed the relevant issue of Corlew’s retirement and had determined that the record contained evidence that Corlew retired because of his industrial injury, but that there was no evidence that he had abandoned the entire workforce.
{¶ 17} We agree and therefore affirm the judgment of the court of appeals.
Judgment affirmed.
Pfeifer and O’Neill, JJ., concur.
O’Connor, C.J., and Lanzinger, J., concur in judgment only.
O’Donnell, Kennedy, and French, JJ., dissent.