*293 Lanzinger, J.,
concurring in judgment only.
{¶ 18} On first blush, the dissent’s argument holds some appeal. The typical claimant who receives temporary-total-disability compensation is one who is still employed but unable to work due to a workplace injury. It seems incongruous that someone who has retired can be eligible for this award. But we have previously held that if the decision to retire is causally related to thé workplace injury, an employee’s retirement is involuntary, and temporary-total-disability compensation may be awarded if there is some evidence that the employee had intended to remain in the workforce. State ex rel. Lackey v. Indus. Comm., 129 Ohio St.3d 119, 2011-Ohio-3089, 950 N.E.2d 542, ¶ 11; State ex rel. Rockwell Internatl. v. Indus. Comm., 40 Ohio St.3d 44, 46, 531 N.E.2d 678 (1988). In other words, but for the workplace injury, the claimant would have been gainfully employed and earning wages.
{¶ 19} Honda failed to challenge the hearing officer’s determination that Corlew had retired due to his workplace injury. This leaves standing the determination that the retirement was involuntary and makes Corlew eligible for temporary-total-disability compensation. I therefore concur in judgment only.
O’Connor, C.J., concurs in the foregoing opinion.