Kennedy, J.,
dissenting.
{¶ 20} Respectfully, I dissent. I agree that when considering a claimant’s postretirement request for temporary-total-disability compensation, the initial inquiry is whether the claimant voluntarily or involuntarily retired. However, because I believe that R.C. 4123.56(A) requires an actual wage loss, in order to qualify for temporary-total-disability compensation the claimant must also demonstrate an economic loss. Since Robert Corlew had no loss of earnings, he is not entitled to temporary-total-disability compensation. Therefore, I would reverse the judgment of the court of appeals and issue a writ of mandamus ordering the Industrial Commission to vacate its order granting temporary-total-disability compensation.
{¶ 21} The majority fails to address Honda’s proposition of law, which raises an issue of first impression. Honda does not challenge the factual determination that Corlew involuntarily retired as a result of an industrial injury. Instead, Honda argues that the court of appeals made an error of law and abused its discretion by failing to apply R.C. 4123.56(A) as written.
{¶ 22} R.C. 4123.56 requires an actual wage loss (“an employee shall receive sixty-six and two-third percent of the employee’s average weekly wage so long as such disability is total”). . This court has repeatedly stated that the purpose of *294 temporary-total-disability compensation is to compensate for the loss of earnings while an industrial injury heals. In State ex rel. McCoy v. Dedicated Transport, Inc., 97 Ohio St.3d 25, 2002-Ohio-5305, 776 N.E.2d 51, ¶ 35, this court stated:
Yorys, Safer, Seymour & Pease, L.L.P., and Robert A. Minor, for appellant.
All forms of death and disability benefits provided by R.C. Chapter 4123 are intended to compensate “for loss sustained on account of the injury.” R.C. 4123.54(A). For purposes of compensability, a causal relationship must exist between the employee’s industrial injury and the loss that the requested benefit is designed to compensate.
See also State ex rel. Rouan v. Indus. Comm., 133 Ohio St.3d 249, 2012-Ohio-4639, 977 N.E.2d 648; State ex rel. Gross v. Indus. Comm., 115 Ohio St.3d 249, 2007-Ohio-4916, 874 N.E.2d 1162; State ex rel. Ashcraft v. Indus. Comm., 34 Ohio St.3d 42, 517 N.E.2d 533 (1987). Therefore, to qualify for temporary-total-disability compensation, Corlew must show not only an industrial injury but an actual loss of wages as a result of the injury.
{¶ 23} At the time Corlew applied for temporary-total-disability compensation, he had been retired and out of the workforce for one year. Therefore, Corlew could not have suffered a loss of earnings and was ineligible for temporary-total-disability compensation regardless of the reason for his retirement.
{¶ 24} Moreover, because I believe that the statute requires an actual loss of earnings, an award of temporary-total-disability compensation absent such an economic loss is an unauthorized damage award. This violates Article II, Section 35 of the Ohio Constitution. Ohio’s workers’ compensation laws were enacted to provide compensation to workers who are injured in the course of employment “in lieu of all other rights to compensation, or damages, for such death, injuries, or occupational disease.” Id.
{¶ 25} Since I believe that an award of temporary-total-disability compensation is predicated on an actual loss of earnings, in order for a claimant to be eligible under R.C. 4123.56 for that compensation, the claimant must establish not only that his industrial injury is disabling but also that he has sustained an actual economic loss.
{¶ 26} Therefore, I respectfully dissent. I would reverse the judgment of the court of appeals and grant a writ of mandamus ordering the commission to vacate its order granting temporary-total-disability compensation.
O’Donnell and French, JJ., concur in the foregoing opinion.
*295 Michael DeWine, Attorney General, and Patsy Thomas, Assistant Attorney General, for appellee Industrial Commission.
Law Office of Stanley R. Jurus and Frank A. Vitale, for appellee Robert L. Corlew.