The State ex rel. Valley Interior Systems, Inc., Appellant,

*v.* Industrial Commission of Ohio et al., Appellees.

[Cite as *State ex rel. Valley Interior Sys., Inc. v. Indus. Comm.,* 118 Ohio St.3d 418, 2008-Ohio-2703.]

(No. 2007–1196—Submitted April 24, 2008—Decided June 12, 2008.)

---

**Per Curiam.**

{¶ 1} Appellee John F. Wood was fired by appellant, Valley Interior Systems, Inc. ("Valley Interior"). Appellee Industrial Commission of Ohio found that the termination did not foreclose temporary total disability compensation, and the Court of Appeals for Franklin County agreed. Valley Interior now challenges that decision.

{¶ 2} Wood worked as a drywall finisher for Valley Interior. In September 2004, he fell ten feet onto a concrete floor and fractured his right elbow. Wood had surgery on his elbow on March 4, 2005, and his surgeon eventually released him to work with restrictions. Wood missed approximately six weeks of work before returning in a light-duty capacity. Once he returned, he continued to miss work sporadically. For example, between April 21, 2005, and May 11, 2005, Wood apparently missed work seven times for various reasons.

{¶ 3} On May 11, 2005, Valley Interior sent a certified letter to Wood. The letter stated that Valley Interior had a position available consistent with Wood's physical restrictions. The letter closed by stating:

{¶ 4} "We expect you to be at work on Friday, May 13, 2005. Failure to appear at work will be construed as a voluntary abandonment of employment."

{¶ 5} It is undisputed that this letter was not delivered to Wood until the afternoon of Saturday, May 14, 2005. When he contacted his employer on Monday, May 16, Wood explained that he had not received the letter until May 14. Valley Interior told him that he was terminated nevertheless for excessive absenteeism.

{¶ 6} In October 2005, Wood saw Dr. Patricia Southworth because of continuing problems with his elbow and arm. The next month, he filed a motion with the commission for temporary total disability compensation. Valley Interior object-

ed, claiming that Wood's firing constituted a voluntary abandonment on his part of his former position of employment that barred the requested compensation. *State ex rel. Watts v. Schottenstein Stores Corp.* (1993), 68 Ohio St.3d 118, 623 N.E.2d 1202.

{¶ 7} The commission disagreed. A district hearing officer ruled that the firing did not satisfy the requirements of *State ex rel. Louisiana–Pacific Corp. v. Indus. Comm.* (1995), 72 Ohio St.3d 401, 650 N.E.2d 469, and could not be considered a voluntary abandonment of Wood's former position of employment. A staff hearing officer affirmed but on a different basis. He found that Wood's failure to timely receive Valley Interior's letter rendered *Louisiana–Pacific* inapplicable.

{¶ 8} The Court of Appeals for Franklin County denied Valley Interior's request for a writ of mandamus. Valley Interior now appeals to this court as of right.

{¶ 9} An employee's voluntary abandonment of an employment position can preclude temporary total disability compensation. *Watts.* A firing can be considered to be a voluntary departure from the former position of employment. Id. This derives from the principle that an individual "may be presumed to tacitly accept the consequences of his voluntary acts." *State ex rel Ashcraft v. Indus. Comm.* (1987), 34 Ohio St.3d 42, 44, 517 N.E.2d 533. Thus, while an employer may formalize the separation, the claimant is deemed to have initiated it when he or she chose to engage in the misconduct that precipitated the termination.

{¶ 10} This principle, however, requires that the consequence is one of which the claimant was, or should have been, aware. *State ex rel. Liposchak v. Indus. Comm.* (1995), 73 Ohio St.3d 194, 196, 652 N.E.2d 753. Wood did not learn until May 14 that the consequence of his absence the previous day was immediate termination. A staff hearing officer thus concluded that Wood could not have tacitly assented to his firing when he missed work on May 13 because he did not know that employment termination was the consequence of absence. This determination was not an abuse of discretion.

{¶ 11} The judgment of the court of appeals is affirmed.

Judgment affirmed.

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

———————

Porter, Wright, Morris & Arthur and Christopher C. Russell, for appellant.

Ward, Kaps, Bainbridge, Maurer & Melvin, L.L.C., and Matthew A. Weller, for appellee John Wood.

420

Nancy Hardin Rogers, Attorney General, and Sandra E. Pinkerton, Assistant Attorney General, for appellee Industrial Commission.