Per Curiam.
{¶ 1} Appellant, Shelby K. Robinson, appeals from the judgment of the court of appeals denying her request for a writ of mandamus. The court of appeals held that the Industrial Commission did not abuse its discretion by denying Robinson temporary-total-disability compensation on the basis that Robinson’s discharge from employment for violating written workplace rules had been a voluntary abandonment.
{¶ 2} For the reasons that follow, we affirm.
{¶ 3} Robinson had been employed as a licensed practical nurse (“LPN”) with Progressive Parma Care Center, L.L.C./Parma Care Nursing and Rehabilitation (“Parma Care”) since 1995. When hired, she was given a written job description that set forth her job duties and responsibilities. She also received a copy of the employee handbook.
*472 {¶ 4} During her tenure at Parma Care, Robinson was disciplined on several occasions. On January 18 and February 29, 2008, she was written up for violating work rules. On the February discipline form, Robinson acknowledged that she had been warned that any future violations would result in her termination.
{¶ 5} On April 10, 2008, Robinson was injured at work. Her workers’ compensation claim was allowed for “sprain lumbar; herniated disc L3-L4: herniated disc with free fragment at L5-S-1 with right radiculopathy.” As a result, she was moved to light-duty work.
{¶ 6} On April 15, 2008, a state surveyor[1] reported to Parma Care that Robinson had failed to communicate a resident’s dietary-order change on April 11, 2008, and when she was asked to correct her failure, Robinson wrote the change on the back of an alcohol pad and handed it to the dietary manager without noting the resident’s name. The state surveyor also reported that Robinson had failed to check a resident’s feeding tube that was infusing faster than ordered by the physician. The following day, April 16, 2008, the director of nursing prepared the necessary paperwork to terminate Robinson.
{¶ 7} Robinson was not scheduled to work on April 16 or 17, 2008. Her supervisor called her on each of those days and each time left a telephone message asking Robinson to call. Robinson returned the call on April 18, but refused her supervisor’s request for a personal meeting. Eventually, Parma Care sent Robinson a letter by certified mail dated April 30, 2008, informing her that she had been terminated for cause effective April 16, 2008.
{¶ 8} In the meantime, Robinson visited a medical clinic on April 17, 2008, and a nurse practitioner certified that Robinson was medically capable of continuing light-duty work. On April 21, 2008, after Robinson had talked with her supervisor, she again visited the medical clinic. At this visit, a physician certified that Robinson was temporarily and totally disabled from all employment, including light duty, beginning on the date of her injury, April 10, 2008.
{¶ 9} A staff hearing officer denied Robinson’s request for temporary-total-disability compensation. The hearing officer determined that Robinson had been terminated from her employment effective April 16, 2008, for violating a written work rule. The hearing officer concluded that this termination was a consequence of Robinson’s own misconduct. Thus, she had voluntarily abandoned her employment, making her ineligible for benefits. In addition, the hearing officer concluded that the medical evidence did not support Robinson’s claim that she *473 had been temporarily and totally disabled at the time of her termination on April 16, 2008.
{¶ 10} Robinson filed a complaint for a writ of mandamus, alleging that the commission had abused its discretion when it denied her request for temporary-total-disability compensation. The court of appeals denied the writ. State ex rel. Robinson v. Indus. Comm., 10th Dist. Franklin No. 11AP-900, 2012-Ohio-4372, 2012 WL 4364309.
{¶ 11} This cause is now before the court on an appeal as of right.
{¶ 12} An employee who voluntarily abandons his or her employment for reasons not related to the industrial injury cannot receive temporary-total-disability compensation. State ex rel. Brown v. Hoover Universal, Inc., 132 Ohio St.3d 520, 2012-Ohio-3895, 974 N.E.2d 1198, ¶ 11; State ex rel. Rockwell Internatl. v. Indus. Comm., 40 Ohio St.3d 44, 531 N.E.2d 678 (1988). Although being fired is generally considered an involuntary separation from employment, when the discharge arises from the employee’s decision to engage in conduct that he or she knows will result in termination, it may be considered a voluntary abandonment. State ex rel. Brown at ¶ 11; State ex rel. Watts v. Schottenstein Stores Corp., 68 Ohio St.3d 118, 121, 623 N.E.2d 1202 (1993). “This derives from the principle that an individual ‘may be presumed to tacitly accept the consequences of his voluntary acts.’ ” State ex rel. Valley Interior Sys., Inc. v. Indus. Comm., 118 Ohio St.3d 418, 2008-Ohio-2703, 889 N.E.2d 993, ¶ 9, quoting State ex rel. Ashcraft v. Indus. Comm., 34 Ohio St.3d 42, 44, 517 N.E.2d 533 (1987).
{¶ 13} Employment discharge is a voluntary abandonment only when the discharge arises from a violation of a written work rule that (1) clearly defined the prohibited conduct, (2) identified the misconduct as a dischargeable offense, and (3) was known or should have been known to the employee. State ex rel. Louisiana-Pacific Corp. v. Indus. Comm., 72 Ohio St.3d 401, 403, 650 N.E.2d 469 (1995).
{¶ 14} Robinson argues that Parma Care did not satisfy the Louisianar-Pacific test because it did not identify a written work rule that clearly defined the prohibited conduct for which Robinson was terminated.
{¶ 15} The staff hearing officer determined that Robinson failed to refute Parma Care’s assertion that Robinson knew that her actions violated company policies and rules and could result in termination. The hearing officer noted that Robinson had been provided with a copy of the company handbook that set forth policies, rules, and disciplinary procedures. Moreover, on the February 29, 2008 employee-discipline form, Robinson acknowledged that her violation of another workplace rule would result in termination.
*474 {¶ 16} The appellate court determined that the commission did not abuse its discretion when it concluded, based on the evidence presented, that Robinson’s discharge constituted a voluntary abandonment. We agree that Robinson’s duties as an LPN and as an employee of Parma Care were sufficiently identified in the employee handbook and her job description so that she was on notice that her actions, such as the failure to record a changed dietary order and communicate it to the dietary department and the failure to attend to a feeding tube, could result in termination. Thus, her discharge constituted a voluntary abandonment of employment.
{¶ 17} Next, Robinson argues that Parma Care’s timing of her termination demonstrates that it was a pretext in order to avoid paying her temporary-total-disability compensation. Robinson maintains that notwithstanding the telephone conversation with her supervisor on April 18, 2008, Parma Care did not terminate her until the April 30, 2008 letter, after it had learned of her disability.
{¶ 18} The appellate court noted that the stipulated record demonstrated that Robinson’s supervisor called her on April 16 and 17 and left messages asking Robinson to call her, but that Robinson did not return the call until April 18. The court further noted that after Robinson refused to personally meet with her supervisor, Parma Care sent the termination letter on April 30. The appellate court determined that this evidence supported the commission’s decision that Parma Care terminated Robinson on April 16, prior to any physician certifying that she was temporarily and totally disabled. We agree that Robinson failed to demonstrate that Parma Care’s decision to terminate her was a pretext to avoid payment of compensation.
{¶ 19} A court’s role in reviewing a mandamus action is to determine whether there is some evidence supporting the commission’s decision to deny temporary-total-disability compensation. State ex rel. Burley v. Coil Packing, Inc., 31 Ohio St.3d 18, 508 N.E.2d 936 (1987). Here, the court of appeals determined, and we agree, that the commission’s order was supported by some evidence that Robinson had voluntarily abandoned her employment as a result of her termination on April 16 for violating a written work rule and that the commission did not abuse its discretion when it denied Robinson compensation for temporary total disability.
{¶ 20} We affirm the judgment of the court of appeals.
Judgment affirmed.
O’Connor, C.J., and Pfeifer, O’Donnell, Lanzinger, and Kennedy, JJ., concur.
*475 O’Neill, J., dissents.
French, J., not participating.

. Parma Care’s director of nursing testified that state surveyors regularly inspect the Parma Care facility to ensure that proper procedures and state regulations are being followed.