DECISION
{¶ 1} Relator, Boak Sons, Inc., commenced this original action in mandamus seeking an order compelling respondent Industrial Commission of Ohio ("commission") to vacate its order determining that respondent William R. Allison, Jr., ("claimant") did not voluntarily abandon his former position of employment with relator and thereafter concluding that claimant was entitled to the payment of temporary total disability ("TTD") compensation from May 24, 2003 forward.
 {¶ 2} Pursuant to Civ.R. 53(C) and Loc.R. 12(M) of the Tenth District Court of Appeals, this case was referred to a magistrate of this court to conduct appropriate proceedings. The magistrate has rendered a decision, including findings of fact and conclusions of law, and has recommended that this court deny relator's request for a writ of mandamus. (Attached as Appendix A.) There have been no objections filed to the recommendation of the magistrate.
 {¶ 3} Finding no error or other defect on the face of the magistrate's decision, pursuant to Civ.R. 53(C), we adopt the decision of the magistrate as our own, including the findings of fact and conclusions of law contained therein. In accordance with the magistrate's decision, the requested writ of mandamus is denied.
Writ of mandamus denied.
Bryant and Bowman, JJ., concur.
BOWMAN, J., retired, of the Tenth Appellate District, assigned to active under authority of Section 6(C), Article IV, Ohio Constitution.
 APPENDIX A IN THE COURT OF APPEALS OF OHIO TENTH APPELLATE DISTRICT
State ex rel. :
Boak Sons, Inc., :
 Relator, :
 :
v. : No. 04AP-535
 :
William R. Allison, Jr. and : (REGULAR CALENDAR)
The Industrial Commission of Ohio, :
 Respondents. :

 MAGISTRATE'S DECISION Rendered on November 16, 2004 Harrington, Hoppe Mitchell, LTD., and Martin J. Boetcher, for relator.
Heller, Maas, Moro Magill Co., and Robert J. Foley, Jr., for respondent William R. Allison, Jr.
Jim Petro, Attorney General, and Paul H. Tonks, for respondent Industrial Commission of Ohio.
 IN MANDAMUS {¶ 4} Relator, Boak Sons, Incorporated, has filed this original action requesting that this court issue a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order determining that respondent William R. Allison, Jr. ("claimant") did not voluntarily abandon his former position of employment with relator and thereafter concluding that claimant was entitled to the payment of temporary total disability ("TTD") compensation from May 24, 2003 forward.
Findings of Fact:
 {¶ 5} 1. Claimant sustained a work-related injury on May 21, 2003, and his claim was originally allowed for: "contusion right lower leg."
 {¶ 6} 2. Relator first sought treatment for his injures on May 22, 2003, at the Austintown Ambulatory HealthCare Center, Inc. Claimant was given a prescription and it was noted that he could return to work with restrictions as of May 23, 2003. Claimant had lifting restrictions indicating that he could only lift between zero and 15 pounds.
 {¶ 7} 3. Mark E. Davis, D.O., released claimant to return to work on June 2, 2003. The record also contains a C-84 dated June 10, 2003 from Dr. Davis certifying claimant as temporary and totally disabled from May 23 through June 19, 2003.
 {¶ 8} 4. A letter was sent to claimant by Pamela J. Morgan, from human resources with relator, dated June 26, 2003, informing claimant of the following:
Please be advised that Boak Sons, Inc. is under the assumption that you have voluntarily terminated your employment with us due to the fact you have had no contact with you [sic] since June 22, 2003.
Enclosed, please find a copy of the form with your signature, which we received upon your receipt of safety equipment. This equipment needs to be returned to Boak Sons, Inc. as soon as possible.
Thank you in advance for your help and cooperation. If you need any further information, please let me know.
 {¶ 9} 5. On October 23, 2003, claimant filed a motion requesting TTD compensation from May 23 through October 21, 2003 and continuing upon submission of additional proof. Claimant also requested that his claim be additionally allowed for sprain of right knee and leg. Claimant's motions were supported by a C-84 form from Dr. Davis and an October 1, 2003 report from Dr. Davis opining as follows:
I am of the opinion that the above mentioned claim should include strain/sprain of the right knee. I am also of the opinion that this condition is a direct result of injuries my patient suffered on 5/21/03. The strain/sprain of the right knee * * * is a new and seperate [sic] injury from any previous accidents or injuries patient has endured prior to 5/21/03.
(Emphasis omitted.)
 {¶ 10} 6. Claimant's motion was heard before the Ohio Bureau of Workers' Compensation ("BWC") and resulted in an order additionally allowing the claim for "sprain of knee leg nos." The BWC also determined that TTD compensation should be paid from May 23, 2003 forward provided that medical evidence supporting same was provided.
 {¶ 11} 7. An independent medical examination was performed by Glenn J. Novak, D.O., who issued a report dated December 5, 2003. After noting his physical findings, Dr. Novak opined that claimant had not reached maximum medical improvement, that he requires orthopedic sub-specialty referral and further rehabilitation, that he was not capable of returning to his former position of employment, and that his request that his claim be additionally allowed and seeking TTD compensation from May 23, 2003 on are clinically substantiated and causally related to the original injury of May 21, 2003.
 {¶ 12} 8. Relator filed an appeal and the matter was heard before a district hearing officer ("DHO") on February 18, 2004. The DHO affirmed the BWC order additionally allowing claimant's claim for right knee sprain/strain and ordered TTD compensation payable from May 23 through June 1, 2003, and noting that claimant was released to return to work on June 2, 2003. The DHO's order was based upon the October 1, 2003 report of Dr. Davis and the release to return to work of Dr. Davis filed June 4, 2003.
 {¶ 13} 9. Both claimant and relator appealed and the matter was heard before a staff hearing officer ("SHO") on March 19, 2004. After finding that claimant's claim was properly allowed for the additional conditions of sprain/strain right knee and leg, the SHO determined that TTD compensation should be paid as follows:
Temporary Total Compensation shall be paid from 5/24/03 through 10/20/03 inclusive and to continue upon submission of appropriate medical proof of temporary total disability.
It is the finding of the Staff Hearing Officer that claimant has not been deemed to have voluntarily abandoned his former position of employment by his own actions due to an alleged violation of company policy. i.e. absenteeism/no call no show.
The Staff Hearing Officer specifically finds that an actual copy of the purported work rule that the employer is alleging the injured worker has violated has not been provided coupled with the medical evidence on file from claimant's attending physician, Dr. Davis, indicating that claimant was disabled during the period claimant was absent from work.
As such, the Staff Hearing Officer cannot find that the claimant's termination of employment on or about 6/26/03 for an alleged violation of purported work rule as being tantamount to a voluntary abandonment of employment.
This remaining portion of said order is based upon C-84s and [illegible] to work slips from Dr. Davis (claimant's attending physician), narrative report dated 12/5/03 from Dr. Novak (State examiner) as well as all other information on file.
 {¶ 14} 10. Further appeal by relator was refused by order of the commission mailed April 13, 2004.
 {¶ 15} 11. Thereafter, relator filed the instant mandamus action in this court.
Conclusions of Law:
 {¶ 16} In order for this court to issue a writ of mandamus as a remedy from a determination of the commission, relator must show that she has a clear legal right to the relief sought and that the commission has a clear legal duty to provide such relief. State ex rel. Pressley v.Indus. Comm. (1967), 11 Ohio St.2d 141. A clear legal right to a writ of mandamus exists where the relator shows that the commission abused its discretion by entering an order which is not supported by any evidence in the record. State ex rel. Elliott v. Indus. Comm. (1986), 26 Ohio St.3d 76. On the other hand, where the record contains some evidence to support the commission's findings, there has been no abuse of discretion and mandamus is not appropriate. State ex rel. Lewis v. Diamond Foundry Co. (1987),29 Ohio St.3d 56. Furthermore, questions of credibility and the weight to be given evidence are clearly within the discretion of the commission as fact finder. State ex rel. Teece v. Indus. Comm. (1981), 68 Ohio St.2d 165.
 {¶ 17} In the present case, two issues were determined by the commission: (1) the employer, relator herein, failed to meet its burden of proving a written work rule was violated by claimant and resulted in the type of termination which would render claimant ineligible for TTD compensation; and (2) based upon the medical evidence in the record, specifically the C-84s completed by Dr. Davis and the December 5, 2003 report from Dr. Novak, claimant was entitled to TTD compensation from May 24, 2003 and continuing.
 {¶ 18} In this mandamus action, relator makes two arguments: (1) the commission abused its discretion when it granted TTD compensation to claimant upon a finding that he did not voluntarily abandon his former position of employment; and (2) the commission failed to cite the evidence relied upon in violation of State ex rel. Mitchell v. Robbins Myers,Inc. (1983), 6 Ohio St.3d 481 and State ex rel. Noll v. Indus. Comm.
(1991), 57 Ohio St.3d 203, when it failed to explain the reasoning for finding that claimant had not voluntarily abandoned his former position of employment.
 {¶ 19} TTD compensation awarded pursuant to R.C. 4123.56 has always been defined as compensation for wages lost where a claimant's injury prevents a return to the former position of employment. State ex rel.Ramirez v. Indus. Comm. (1982), 69 Ohio St.2d 630. Where an employee's own actions, for reasons unrelated to the injury, preclude him or her from returning to their former position of employment, they are not entitled to TTD benefits, since it is the employee's own action, rather than the injury, that precludes return to the former position. See Stateex rel. Jones Laughlin Steel Corp. v. Indus. Comm. (1985),29 Ohio App.3d 145. When determining whether an injured employee qualifies for TTD compensation, the court utilizes a two-part test, the first part of the test focuses on the disabling aspects of the injury. The second part of the test determines if there are any factors other than the injury, which would prevent the injured employee from returning to his or her former position of employment. See State ex rel. Ashcraftv. Indus. Comm. (1987), 34 Ohio St.3d 42. However, only a voluntary abandonment precludes the payment of TTD compensation. State ex rel.Rockwell Internatl. v. Indus. Comm. (1988), 40 Ohio St.3d 44. A firing can constitute a voluntary abandonment of the former position of employment when the firing is a consequence of behavior which claimant willingly undertook. See State ex rel. Watts v. Schottenstein StoresCorp. (1993), 68 Ohio St.3d 118. The rationale for this is that the person is deemed to tacitly accept the consequences of their voluntary acts. In State ex rel. Louisiana-Pacific Corp. v. Indus. Comm. (1995),72 Ohio St.3d 401, the claimant had failed to report to work on three consecutive days without calling and was dismissed pursuant to a written work policy. In characterizing the departure as "voluntary," the court noted that the claimant had violated a written work policy that: (1) clearly defined the prohibitive conduct; (2) had been previously identified by the employer as a dischargeable offense; and (3) was known or should have been known to the employee.
 {¶ 20} In State ex rel. McKnabb v. Indus. Comm. (2001),92 Ohio St.3d 559, the employee was allegedly fired for tardiness. Pursuant to Louisiana-Pacific, the commission denied the claimant TTD compensation. However, because the employer had not produced a written work policy, the Supreme Court of Ohio concluded that the reference inLouisiana-Pacific to a written work rule or policy was necessary if an employer was attempting to show that an employee should be barred from receiving TTD compensation because that employee had been discharged from his employment.
 {¶ 21} In the present case, the commission specifically found that relator had failed to meet its burden of proof because the employer failed to produce a copy of the written work rule which it alleged claimant had violated. In the absence of that evidence, the commission determined that relator had not demonstrated that claimant had not voluntarily abandoned his former position of employment. The commission specifically stated in its order that, based upon this absence of evidence, it was finding that claimant had not voluntarily abandoned his former position of employment. In the absence of evidence, there is no evidence to which the commission can cite. In the present case, the commission cited the absence of evidence as its basis for finding that the employer had failed to demonstrate that claimant had voluntarily abandoned his former position of employment. As such, relator has not demonstrated that it is entitled to a writ of mandamus in this regard.
 {¶ 22} While the magistrate notes that claimant's treating physician returned him to work on June 2, 2003, and then certified TTD compensation from May 23, 2003 through an estimated return-to-work date of June 19, 2003, the C-84 was based upon newly allowed conditions. Based upon the initially allowed conditions, claimant was released to return to work; however, based upon the soon to be allowed new conditions, he was certified as temporarily and totally disabled. Therefore, the magistrate finds that this is not an issue.
 {¶ 23} Accordingly, it is this magistrate's decision that relator has not demonstrated that the commission abused its discretion in finding that claimant did not voluntarily abandon his employment with relator and in, thereafter, granting claimant's application for TTD compensation. As such, this court should deny relator's request for a writ of mandamus.